### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA            CRIMINAL ACTION NO. 03-50013-07

VERSUS

HERBERT PEA                                    JUDGE S. MAURICE HICKS, JR.

_____

_____**MEMORANDUM RULING**

Before the Court is HERBERT PEA's ("Pea") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Based on the following, Pea's motion is **DENIED**.

## I.    FACTUAL HISTORY

Herbert Pea was indicted in a fifteen-court superceding indictment charging Pea with intent to distribute 50 grams or more of cocaine base, crack cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 846 and use of a communication facility in committing a drug offense during the course of the conspiracy in violation of 21 U.S.C. §§ 843(b) and 18 U.S.C. § 2. This indictment resulted from a traffic stop during which Pea was found to be in possession of 5.58 grams of crack cocaine. His co-defendants later indicated he had been supplying them cocaine on a fairly regular basis.

Pea was also indicted on an eleven-count indictment charging conspiracy to pass, utter, and exchange counterfeit Federal Reserve notes with the intent to defraud in violation of 18 U.S.C. §§ 371, 472 and 473, fraudulently passing, uttering, and publishing counterfeit obligations of the United States in violation of 18 U.S.C. §§ 472, exchanging counterfeit obligations of the United States in violation of 18 U.S.C. §§ 473, being a felon in possession of a firearm in violation of 18 U.S.C §922(g)(1), and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §841(a)(1).

## II.    PROCEDURAL HISTORY

Pursuant to a written plea agreement dated February 17, 2004, Pea pled guilty to count one of the first indictment — conspiracy to possess with intent to distribute 50 grams or more of crack cocaine — and count one of the second indictment —  conspiracy to pass and utter counterfeit money — the sentences to run consecutively.

The pre-sentence report ("PSR") classified Pea as having a Total Offense Level of 28 with a Criminal History of IV.  Pea was given a two point enhancement under U.S.S.G. §2D1.1(b)1 for possession of a dangerous weapon.  This weapon was found in one of the Pea's homes along with a counterfeit bill and various illegal narcotics.  Pea was also classified with a base of 38 under U.S.S.G. §3D1.2(d) based on the PSR's finding that Pea was responsible, conservatively, for 6.123 kilograms of crack cocaine.  Pea's counsel presented four objections to the pre-sentence report: (1) Pea was not given an additional point decrease for acceptance of responsibility, (2) Pea was not on probation as stated under the pre-sentence report, (3) information concerning some of Pea's other criminal activity was unreliable, (4) listed pending charges had been dropped.  Objections two, three, and four resulted in the appropriate paragraphs from being struck from the record as well as two criminal history points being deleted.  The objections did not change the overall classification for guidelines purposes.

At sentencing, the District Court adopted the factual findings of the PSR and noted that the sentence "was selected after considering the defendant's personal characteristics, his prior criminal history, as well as the instant offense."  The Court specifically stated that Pea's "concerted and repeated behavior involving guns, crack cocaine and counterfeit money" was the basis for the sentence and that a lower sentence was not appropriate

especially given the "two-for-one" nature of the plea.  Pea was subsequently sentenced to

a total of 400 months, at the high end of the guidelines range. Pea's appeal was denied.

His writ of certiorari was also denied.  Pea then filed the instant motion for relief under 28

U.S.C. § 2255.

## III.    LAW AND ANALYSIS

The government argues that Pea's section 2255 claims cannot be presently

considered.   "Challenging a conviction and sentence with a section 2255 motion is

fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528

(5th Cir. 1995).  The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of
> constitutional rights and for a narrow range of injuries that could not have
> been raised on direct appeal and would, if condoned, result in a complete
> miscarriage of justice.  Nonconstitutional claims that could have been raised
> on direct appeal, but were not, may not be asserted in a collateral
> proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).  "Section

2255 does not reach errors of a constitutional or jurisdictional magnitude that could have

been reached by direct appeal." United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).

However, the Supreme Court held in Massaro v. United States, 538 U.S. 500 (2003), that

an "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under

§2255, whether or not the petitioner could have raised the claim on direct appeal."  Thus,

we will consider Pea's claim of ineffective assistance of counsel.

**Ineffective Assistance of Counsel**

Pea alleges his counsel was inadequate for (1) failing to object to the PSR's

attribution of a dangerous weapon as well as 6.123 kilos and for (2) failing to file a motion

to withdraw Pea's guilty plea.

To prevail on a claim of ineffective assistance of counsel, Pea must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial.  See Strickland v. Washington, 466 U.S. 668 (1984); Wong v. Belmontes —U.S.—, 2009 WL 3805746 (2009); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994).  Under the first prong on the Strickland analysis, the Court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  See Strickland, 466 U.S. at 689.  Pea may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance."  Id. at 690.  An attorney cannot be considered ineffective simply for failing to raise a meritless claim. Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

To establish prejudice, Pea must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); Belmontes 2009 WL 3805746 (2009).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  To satisfy the prejudice prong of the Strickland test in the context of a non-capital sentencing proceeding, Pea must establish "a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995).  If Pea fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

**1. Failure to object to the pre-sentence report**

Pea claims that his counsel was constitutionally deficient for not objecting to the

amount of drugs the pre-sentence report allocated to Pea as well as the two point enhancement for possessing a dangerous weapon under U.S.S.G. §3D1.2(d). Pea claims that he was "enhanced 2 points for a gun that was not in his possession nor was it admitted by him. Had counsel objected to the 2 point enhancement petitioner would've been sentenced at a base level 30, instead of a 38." He also objects to the PSR's attribution to him of 6.123 kilos of crack cocaine because he was "charged and admitted to only 105 grams of cocaine base at sentencing."

It is well established that judicial fact finding is allowed in the context of sentencing so long as it does not increase the sentence beyond the statutory maximum. See U.S. v. Mares, 402 F.3d 511, 519 (5th Cir. 2005) ("[T]he Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing. The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence."). Here, as noted by the court at sentencing, the statutory maximum was life. Thus, 400 months, Pea's sentence, is well within the statutory limit and any finding of the court in the context of this sentencing requires only a preponderance of the evidence.

Pea argues that his counsel was deficient in not objecting to these two of the PSR findings, but gives no indication what evidence such an objection would have been based on or why such an objection would have been successful. Pea's only claim is that he did not stipulate to the amount of drugs attributed to him by the report or to ownership or possession of the gun found in one of his homes. But, such a stipulation is not necessary to the court's finding. Id. Pea presents no evidence that evidence contradicting his signed

statements and the findings of law enforcement even exists.  The Fifth Circuit has stated:

> Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. . . . [M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding.

Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted).

An attorney cannot be considered ineffective simply for failing to raise a meritless claim.  Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).  Pea's counsel raised four objections to the pre-sentence report three of which were granted.  This shows the attorney's engagement and use of strategy in determining how best to represent Pea.  On these facts, Pea's counsel's failure to object to the two disputed facts falls within the wide range of reasonable competence and ambit of trial strategy allowed by the Supreme Court. Therefore, Pea fails to establish his counsel's actions fell below an objective standard of reasonableness by not objecting to the drug amount and gun possession stated in the pre-sentence report and thus fails the first prong of the Strickland test.

Additionally, even if Pea's counsel's actions were considered to fall below an objective standard of reasonableness, he fails to show that any prejudice resulted from those choices.  Pea has presented no evidence to contradict the Record or to show that an objection would have significantly reduced his sentence.  Pea could still have been sentenced up to 400 months regardless of a reduction in his guidelines range.  And, in fact, the Court indicated that the sentence was due to his "concerted and repeated behavior" and not simply a guidelines range.

Thus, Pea has failed to satisfy either prong of the Strickland test.  He has neglected

to present any evidence to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence. As to prejudice, he has presented no evidence establishing that his attorney's actions, which the Court has found reasonable, were so serious as to render the proceedings unreliable and fundamentally unfair. Accordingly, Pea's ineffective assistance for failure to object to the pre-sentence report claim is without merit.

**2. Failure to file a motion to withdraw the plea agreement.**

Pea argues that he "asked counsel in a reasonable amount of time to withdraw his guilty plea" and that counsel's failure to do so violates his right to a jury trial. "Rule 32(e) of the Federal Rules of Criminal Procedure states that a district court may allow a defendant to withdraw his guilty plea before he is sentenced if the defendant shows any fair and just reason." United States v. Hyde, 520 U.S. 670, 671 (1997). As cited above, counsel is not ineffective for merely failing to raise a meritless claim. Sones, 61 F.3d 415 n.5. There is no indication that Pea's motion would have been accepted nor has he given any fair or just reason for his request to withdraw. Instead, the record shows that his counsel chose not to file the motion on the morning of sentencing because "the documents might be incriminating to Mr. Pea" and because counsel did not believe they had any merit. This clearly fits within the wide range of reasonable competence and ambit of trial strategy contemplated by Strickland. Pea has also failed to present any evidence that would establish that his attorney's actions, which the Court has found reasonable, were so serious as to render the proceedings unreliable and fundamentally unfair. "[A]n accused has no absolute right to withdraw a guilty plea . . . the grant or denial of such a motion is within the sound discretion of the trial court." United States v. Simmons, 497 F.2d 177, 178

(5th Cir. 1974).  Accordingly, Pea fails to establish either prong of the <u>Strickland</u> test for ineffective assistance of counsel based on his counsel's failure to file a motion to withdraw his guilty plea.

## IV.   Conclusion

For the foregoing reasons, Pea's claim of ineffective assistance of counsel under section 2255 fails.  Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 42) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of December, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE