UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  5:03-CR-50013-07** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HERBERT PEA (07)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018, filed by Defendant Herbert Pea. [ECF No. 331]. Pursuant to his motion, Pea asks that his term of imprisonment be reduced, and that his term of supervised release be reduced to four years. *Id.* at 4. The government opposes the motion, arguing Pea is not eligible for relief under the FSA. [ECF No. 332 at 3-18]. Alternatively, the government urges the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in granting any reduction to Defendant's sentence. *Id.* at 3. For the reasons set forth below, Defendant's motion is GRANTED.

### I.
### BACKGROUND

On May 29, 2003, Pea and six co-defendants were named in a superseding indictment, charging them with various narcotics offenses. [ECF No. 58]. Specifically, Pea was charged with conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841 (Count 1), and unlawful use of a communication facility in violation of 21 U.S.C. § 843 (Count 15). [ECF No. 58]. The same day, a separate indictment issued against Pea and others, charging Pea with various counterfeiting offenses, felon in possession of a firearm, and possession with intent to distribute five grams or more of cocaine base. *See* Case No. 5:03-50053, ECF No. 1. On February 17, 2004, Pea pleaded guilty in this matter to conspiracy to possess with

intent to distribute fifty grams or more of cocaine base, and additionally pleaded guilty to conspiracy to pass counterfeit currency in Case No. 5:03-50053. On June 9, 2004, Pea was sentenced to 400 months incarceration in this matter, to run concurrently with a sixty-month term of imprisonment imposed in Case No. 5:03-50053. [ECF No. 202]. The Court additionally imposed a five-year term of supervised release, to run concurrently with the three-year term of supervised release in Case No. 5:03-50053. *Id.* Thereafter, Pea's sentence was reduced twice pursuant to amendments to the sentencing guidelines, and his current term of incarceration is 259 months. [ECF Nos. 294, 316].

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at 2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

    (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.

    (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

    (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

### III.
#### ANALYSIS

**A.    Whether Defendant is eligible for relief under the First Step Act**

The government contends Pea is ineligible for relief due to the amount of cocaine base attributed to him in the sentencing record. [ECF No. 332 at 3]. The government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* at 4 (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019)). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. In *Jackson*, the Fifth Circuit held, "[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320; *see also United States v. James Roy White*, 2020 WL 2843480, at *2 (5th Cir. June 1, 2020). In this matter, Pea was convicted of violating a statute

whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds Pea is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Pea was originally subject to a statutory sentencing range of ten years to life in prison in this matter. Under the First Step Act, Pea's statutory sentencing range is now five to forty years. His mandatory term of supervised release has been reduced from five years to four. Pea's sentencing guideline range is now 210 to 262 months. As of this date, Pea has served over seventeen years in prison for this offense.

As to the nature and circumstances of the offense, it is a non-violent narcotics offense involving the sale of cocaine base. There is no indication in the Presentence Investigation Report ("PSR") that Pea engaged in any violent acts during the course of the conspiracy. While there were two firearms found during the search of Pea's residence, there is no indication Pea used the firearms in furtherance of his criminal activity. As to the history and characteristics of this defendant, Pea was convicted at age nineteen, and again at age twenty-one, of illegal possession of stolen things. [PSR at 10-11]. He was convicted of distribution of cocaine at age twenty-three, and possession of marijuana at age twenty-nine. *Id.* at 12.

Pea is now almost fifty years old. His projected release date is June 20, 2022.[1] Pea has been incarcerated for these offenses since he was 32 years old. While in the custody of the Bureau of Prisons ("BOP"), Pea has taken numerous educational, vocational and self-improvement classes in furtherance of his rehabilitation, and has completed the non-residential drug treatment program. [Doc. No. 331-1 at 1-3]. Pea's security classification is low. *Id.* at 1. Pea has held several jobs while in BOP, including maintenance, recreation, food service, orderly and compound details. *Id.* In the seventeen years Pea has been in BOP custody, he has had only two disciplinary events.[2]

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served, effective September 2, 2020, is sufficient but not greater than necessary to comply with the purposes of sentencing, subject to the additional special condition of supervised release that for the first six months of supervised release, Defendant must reside at the City of Faith Halfway House in Monroe, Louisiana. The Court finds such a sentence is a substantial prison term, commensurate with the crimes Pea committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release to four years. Accordingly,

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited July 31, 2020).

[2] Pea was disciplined in 2009 for phone abuse, and in 2018 for possessing a non-hazardous tool. [ECF No. 331-1 at 2].

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. Nos. 331] is GRANTED, and the Court will issue an amended judgment: (1) reducing Defendant's term of incarceration to TIME SERVED, effective September 2, 2020; (2) reducing Defendant's term of supervised release to FOUR YEARS; and (3) imposing a special condition of supervised release that immediately upon release from the custody of the Bureau of Prisons, Defendant must reside at the City of Faith Halfway House in Monroe, Louisiana for a period of six (6) months.

Except as modified in this paragraph, all other provisions of the Judgment imposed on June 9, 2004 [ECF No. 202], as modified on May 25, 2017 [*see* ECF No. 316], REMAIN in effect.

SIGNED this 3rd day of August, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE